# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

BALMORE E. AQUINO,

Petitioner,

v.

DHS OPLA,

Respondent.

Case No. 5:26-cv-03544-JWH-ADS

**ORDER DISMISSING PETITION AS MOOT**

Petitioner Balmore E. Aquino filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking release from immigration detention and, in the alternative, a bond hearing.[1] On July 29, 2026, Respondent DHS OPLA filed a Notice of Intended Removal.[2] In that Notice, Respondent indicated that Aquino would be imminently removed to El Salvador pursuant to a final order of removal.[3] On August 11, 2026, Respondent filed a Status Report.[4] The Status Report contended that Aquino was removed from the United States on August 11, 2026, and that the Petition was consequently moot.[5] On August 12, 2026, the Court issued an Order to Show Cause re Mootness.[6] To date, Aquino has not responded to the OSC nor provided any argument for why the Petition is not moot.

## I. DISCUSSION

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *U.S. v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Id.* If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). "When, by virtue of an intervening event, a court cannot grant any effectual relief whatever in favor of the petitioner," the

---

1 Pet. (the "Petition") [ECF No. 1].

2 Not. of Intended Removal [ECF No. 16].

3 *Id.*

4 Status Report [ECF No. 19].

5 *Id.*

6 Ord. to Show Cause re Mootness (the "OSC") [ECF No. 20].

proceeding should be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (quotation modified) (citation omitted).

Here, Aquino was removed from the United States on August 11, 2026.[7] Because Aquino is no longer in immigration custody, Aquino's challenge to his immigration detention is moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997) ("Because [the petitioner] has been released . . . we can no longer provide him the primary relief sought in his habeas corpus petition."); *see also Paz v. California*, 2019 WL 1581418, at *3 (C.D. Cal. Feb. 11, 2019), *report and recommendation adopted*, 2019 WL 5693766 (C.D. Cal. Oct. 31, 2019) (holding that a challenge to immigration detention was moot because the noncitizen was removed).

For those reasons, the Court concludes that Aquino's Petition is moot and that it must be dismissed for lack of jurisdiction.

## II. DISPOSITION

Accordingly, it is hereby **ORDERED** as follows:

1. The Petition [ECF No. 1] is **DISMISSED without prejudice as moot**.

2. Judgment will issue accordingly.

**IT IS SO ORDERED.**

Dated: November 18, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

[7] *See* Status Report.